UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Franklin Sports, Inc.,

Plaintiff,

v.

Robert Gentile, and
Sun Hockey, Inc.,

Defendants.

Civ. File No. 01-159 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Motion to Dismiss for lack of personal jurisdiction filed by Defendant Robert Gentile. For the reasons that follow, the Court grants the Motion to Dismiss.[1]

**BACKGROUND**

Defendant Robert Gentile ("Gentile") is the owner of a patent covering a street-hockey ball that contains a liquid antifreeze core. He resides in Massachusetts, and has never visited Minnesota. Plaintiff Franklin Sports, Inc. ("Franklin Sports") manufactures a street-hockey ball purportedly under license from Defendant Sun Hockey, Inc. ("Sun Hockey"). Franklin Sports is a Delaware corporation with its headquarters and principal place of business in Massachusetts. Sun Hockey is a Minnesota corporation.

---

[1] Gentile moves in the alternative for a transfer of this action to the District of Massachusetts, or for the Court to decline to exercise jurisdiction over Plaintiff's claims under the Declaratory Judgment Act, 28 U.S.C. § 2201. Given the Court's determination that it lacks personal jurisdiction over Gentile, it need not reach these alternative grounds.

FILED JUL 23 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this action, Franklin Sports seeks a declaration that it is not infringing Gentile's patent or, in the alternative, that Gentile's patent is invalid. Franklin Sports' claims against Sun Hockey arise out of Sun Hockey's alleged breach of a the licensing agreement between Sun Hockey and Franklin Sports. Two days after Gentile received service of the instant Complaint, Gentile filed his own action against Franklin Sports in the United States District Court for the District of Massachusetts, asserting claims of patent infringement. Franklin Sports then moved the Massachusetts court to transfer the infringement action to this Court. On April 11, 2001, the Massachusetts court denied Franklin Sports' request, finding that the action lacked any connection with Minnesota that would warrant a transfer here. Gentile v. Franklin Sports, Inc., No. 01-10332-NG, slip op. at 2 (D. Mass. Apr. 11, 2001).

Gentile now asks this Court to dismiss him from this action for lack of personal jurisdiction. He argues that he has no connection with Minnesota, that all contacts between the parties took place in Massachusetts, not Minnesota, and that therefore the exercise of personal jurisdiction over him violates due process. Franklin Sports responds that Gentile has sufficient contacts with Minnesota for the exercise of personal jurisdiction. In the alternative, Franklin Sports asks the Court to grant it leave to pursue jurisdictional discovery so that it may explore Gentile's contacts with Minnesota.

**DISCUSSION**

Once a defendant has challenged a federal court's in personam jurisdiction, the plaintiff bears the burden of presenting a prima facie case that such jurisdiction exists. Aero

Sys. Eng'g, Inc. v. Opron, Inc., 21 F. Supp. 2d 990, 995 (D. Minn. 1998). Where personal jurisdiction is challenged at the pretrial stage, as here, all evidence must be viewed in the light most favorable to the plaintiff and all factual disputes must be resolved in the plaintiff's favor. Id. Doubts as to whether a court has personal jurisdiction over an individual or entity should be resolved in favor of retaining jurisdiction. Hunter-Keith, Inc. v. Gen. Elec. Credit Corp., Civ. No. 4-84-804, 1987 WL 8592, at * 4 (D. Minn. 1987).

The general test for deciding whether a federal court may exercise personal jurisdiction over a civil defendant is well known. First, the court must determine whether the forum state's long-arm statute subjects the defendant to jurisdiction. Second, the exercise of jurisdiction must comport with the due process requirements of the Fifth Amendment. Where the relevant state long-arm statute extends as far as due process allows, as does Minnesota's, the two inquiries are codeterminate. See Minn. Stat. § 543.19; Dotmar, Inc. v. Niagra Fire Ins. Co., 533 N.W.2d 25, 29 (Minn. 1995) (describing reach of Minnesota's long-arm statute). In order to satisfy due process, a defendant must have "minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The defendant's "contacts" with the forum state generally must not arise due to mere fortuity, but must arise because of the defendant's "purposeful availment" of the privilege of conducting activities in the state. See Hanson v. Denkla, 357 U.S. 235, 253 (1958); Digi-Tel Holdings, Inc. v.

ProTeq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

1. General Jurisdiction

General personal jurisdiction is present whenever a defendant's contacts with the forum state are so "continuous and systematic" that it may be sued in the forum over any controversy, whether or not the cause of action has any relationship to the defendant's activities within the State. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). This standard is met for citizens of the forum state; for others, the standard is usually exacting and difficult to meet. See Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir. 1993) (noting that general jurisdiction is falling into growing disfavor as the doctrine of specific jurisdiction broadens).

In this case, it is clear that Gentile is not subject to the general jurisdiction of this Court. Gentile does not reside in Minnesota, he has no office here, and maintains no business or personal presence in the state. Gentile has had almost no contact with Minnesota, and has clearly not had any "continuous and systematic" contacts with the state.

2. Specific Jurisdiction

The exercise of personal jurisdiction may be appropriate even in the absence of general jurisdiction if the Court has specific jurisdiction over Gentile. If Gentile has purposely directed activities at residents of the forum and the litigation results from "alleged injuries that 'arise out of or relate to' those activities," a finding of specific jurisdiction is appropriate. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (citing

Helicopteros, 466 U.S. at 414).

Franklin Sports contends that specific jurisdiction may be founded on two independent grounds. First, according to Franklin Sports, Gentile has licensed his patent to a Massachusetts company, Mylec, Inc. ("Mylec"), that has manufactured and distributed the street-hockey ball that embodies Gentile's patent to sporting goods stores that have Minnesota outlets. Moreover, Franklin Sports alleges that Mylec also sells the ball to internet retailers whose websites "are utilized by residents of Minnesota." (Pl.'s Opp'n Mem. at 6.) Thus, Franklin Sports argues that Gentile knew that Mylec would sell the ball in Minnesota and that Gentile would reap royalties from the sale of the ball in Minnesota, creating specific jurisdiction.

Second, Franklin Sports asserts that specific jurisdiction exists because Gentile and Sun Hockey, a Minnesota company, at one time discussed the possibility that Gentile would license his patent to Sun Hockey. According to Franklin Sports, Gentile's exchange of proposals with Sun Hockey creates specific jurisdiction in Minnesota.

The grounds for specific jurisdiction on which Franklin Sports relies are patently insufficient to support the exercise of jurisdiction in Minnesota. As discussed above, specific jurisdiction is established when a defendant directs activities toward the forum and when those activities give rise to the claims in the forum. Franklin Sports has not attempted to argue that Gentile's license to Mylec or his unfruitful exchange of proposals with Sun Hockey somehow gave rise to Franklin Sports' claims here.

The cases on which Franklin Sports relies do not support its arguments. Courts have routinely held that, in declaratory judgment actions brought by alleged infringers, the defendant's negotiations with that alleged infringer are relevant to establishing jurisdiction over the defendant. See, e.g., Flint Ink Corp. v. Brower, 845 F. Supp. 404, 409 (E.D. Mich. 1994) (cited in Pl.'s Opp'n Mem. at 7-8). Here, however, Franklin Sports does not rely on Gentile's negotiations with Franklin Sports to establish this Court's jurisdiction over Gentile.[2] Instead, Franklin Sports relies on Gentile's negotiations with Sun Hockey to attempt to establish specific jurisdiction. These negotiations, which would likely be insufficient to establish this Court's jurisdiction over Gentile in a lawsuit brought by Sun Hockey unless that lawsuit arose directly out of the negotiations, plainly do not support the exercise of jurisdiction over Gentile in this action.

Similarly, the fact that Mylec may have marketed and sold Gentile's street-hockey ball in Minnesota is of no moment in determining whether this Court has jurisdiction over Gentile. Franklin Sports' arguments may establish that Minnesota courts have jurisdiction over Mylec, but they do not establish jurisdiction over someone who merely contracts with Mylec, as Gentile did.

Gentile's very tenuous connections to Minnesota simply cannot support the exercise of jurisdiction over him. Franklin Sports' claims against Gentile have no relationship to

[2] Such reliance would be misplaced in any event, because Franklin Sports is headquartered in Massachusetts and all discussions between Gentile and Franklin Sports took place in Massachusetts, not Minnesota.

Minnesota, and Franklin Sports has utterly failed to establish that Gentile has any sort of connection to Minnesota that would make the exercise of jurisdiction proper. As Judge Gertner found, "Massachusetts is clearly the proper forum" for the determination of the validity of Gentile's patent and whether Franklin Sports infringed that patent. Gentile, No. 01-10332-NG, slip op. at 3.

**CONCLUSION**

Based on all the files, record, and proceedings herein, the Court finds that it lacks personal jurisdiction over Gentile.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Robert Gentile's Motion to Dismiss (Clerk Doc. No. 14) is **GRANTED**, and the Complaint is **DISMISSED** as to Defendant Robert Gentile.

Dated: June 20, 2001

Paul A. Magnuson
United States District Court Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500